935 F.2d 269
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary Shane ARCHEY, Jr., a minor, By and Through his parents
and next friends, Gary Shane ARCHEY and Marilyn
Archey, Plaintiffs-Appellees,
v.
Edward HYCHE, Robert Cantrell, Rebecca Schwab, and
Williamson County Board of Education, Defendants-Appellants.
 Nos. 90-5631, 90-5863.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1991.
 
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and JOINER, Senior District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Defendants appeal the denial of their Fed.R.Civ.P. 12(b)(6) motion to dismiss this 42 U.S.C. Sec. 1983 civil rights action alleging substantive due process violations in the imposition of corporal punishment. Because we find that plaintiff fails to allege facts sufficient to state a claim, we shall REVERSE.
 
 I.
 
 2
 Plaintiff, Gary Shane Archey, Jr., filed this action in April 1989, under 42 U.S.C. Sec. 1983, by and through his parents, seeking injunctive relief and damages against defendants, Williamson County Board of Education; Rebecca Schwab, Superintendent of Education for Williamson County; Robert Cantrell, Principal at Fairview Elementary School in Williamson County; and Edward Hyche, a teacher at Fairview Elementary.
 
 
 3
 Archey's claim arises out of an incident on September 13, 1988, when Hyche struck Archey, then a fifth grader at Fairview Elementary, with a wooden paddle five times for humming in the boys' bathroom. Archey alleges that Hyche's acts, and the other defendants' ratification of Hyche's acts, violated his Substantive Due Process rights under the Fourteenth Amendment to be free from excessive corporal punishment of such force as to require medical attention. Archey also asserts state law claims for these same acts.
 
 
 4
 Defendants filed a motion to dismiss in May 1989, under Fed.R.Civ.P. 12(b)(6) on the grounds that: 1) Archey failed to allege facts that "shock the conscience," as required for this type of Fourteenth Amendment claim; 2) the individual defendants are entitled to a qualified immunity defense to Archey's federal claims; 3) no facts are presented to show any wrongful act by the Williamson County School Board, its chairman or school principal; and 4) absent a valid federal claim, the district court lacks jurisdiction over Archey's state tort claims.
 
 
 5
 The district court referred the case to a magistrate who issued a report recommending that the district court deny defendants' motion to dismiss. The district court adopted the magistrate's report and recommendation and denied defendants' motion to dismiss in its entirety. Defendants appeal.
 
 II.
 
 6
 Defendants contend that the district court erred in denying their motion to dismiss because Archey has failed to allege facts suggesting that the corporal punishment imposed upon him "shock the conscience" as required for this type of Fourteenth Amendment claim. Defendants maintain that the type of disciplinary punishment applied to Archey was not so severe as to violate the boy's constitutional rights. Archey responds that he has alleged serious physical injury sufficient to withstand a motion to dismiss because his injuries were "shocking" in that he suffered severe bruises on the buttocks and an impaired gait.
 
 
 7
 Our standard of review of a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) is that, "to be granted, there must be no set of facts which would entitle the plaintiff to recover. Matters outside the pleadings are not to be considered, and all well-pleaded facts must be taken as true." Hammond v. Baldwin, 866 F.2d 172, 175 (6th Cir.1989) (citations omitted).
 
 
 8
 We have previously recognized that in the imposition of corporal punishment by school authorities, "brutal and inhumane abuse of ... official power, literally shcoking to the conscience," violates a student's substantive due process rights. Webb v. McCullough, 828 F.2d 1151, 1159 (6th Cir.1987). In Webb, the female plaintiff was accused of having alcohol and males in her hotel room while on a high school band "field" trip in Hawaii. When the school principal, acting as a chaperone on the trip, investigated these accusations, the plaintiff locked herself in the bathroom. After the principal rammed the door a few times with his shoulder, the door gave way knocking the plaintiff against the wall. The principal then grabbed the plaintiff from the floor, threw her against the wall, and slapped her. We reversed a summary judgment for defendants because a trier of fact could find that under the circumstances, the principal's need to strike the plaintiff was so minimal that "the alleged blows were a brutal and inhumane abuse of [his] official power, literally shocking to the conscience." Id.
 
 
 9
 In finding a substantive due process claim in Webb, we found three factors important: 1) "the alleged blows were not struck in the school context, where the need for immediate disciplinary control ... is at its greatest;" 2) the principal was in loco parentis to the plaintiff during the field trip and had a heightened responsibility for the plaintiff's well being; and 3) the alleged blows were, quite possibly, not disciplinary in nature. Id.
 
 
 10
 Similarly, in Darden v. Watkins, 845 F.2d 325 (6th Cir.1988), we recognized that a substantive due process violation may occur if the amount of force applied to the plaintiff is brutal. Adopting the standards in Webb, we found that the plaintiff was not treated as brutally as was the plaintiff in Webb. We distinguished Webb because the defendant in Darden was working in the school context with a legitimate purpose for administering three paddlings to the plaintiff after he failed to turn in his homework. We noted that although the teacher's actions may have been "unwise," there was no evidence to suggest that his actions were "inspired by malice or sadism," or that the force applied to the plaintiff rose to a level of brutality as required under Webb. We stressed:
 
 
 11
 [i]t bears repeating that whether two or three "licks" were administered is not dispositive, as the substantive due process protection guaranteed plaintiff under the Fourteenth Amendment is implicated only at a level of force and harm severe enough to involve a brutal and inhumane abuse of official power. The Fourteenth Amendment is not "a font of tort law to be superimposed upon whatever systems [of liability for injuries] may already be administered by the States."
 
 
 12
 Darden, 845 F.2d at n. 2 (quoting Daniels v. Williams, 474 U.S. 327, 332 (1986)).
 
 
 13
 Both Darden and Webb cite with approval Hall v. Tawney, 621 F.2d 607 (4th Cir.1980), the seminal case addressing the substantive due process rights of public school students. In that case, the Fourth Circuit held that under certain circumstances imposition of corporal punishment may violate a pupil's substantive due process rights in the same way a criminal suspect's due process rights may be violated by the use of excessive force. Id. at 613. The circumstances in Hall were that the defendant teacher, without provocation, hit the plaintiff "with a homemade paddle, made of hard thick rubber and about five inches in width ... across her left hip and thigh;" that the teacher "violently shoved the minor plaintiff against a large stationary desk;" that he then "vehemently grasped and twisted the plaintiff's right arm and pushed her into" another defendant who told the teacher to paddle the plaintiff again; that as a result of this punishment the plaintiff was taken to the emergency room where she was admitted for ten days for the treatment of traumatic injury to her left hip and thigh; and, that for her injuries she received treatment from specialists for possible permanent injuries to her lower back and spine.
 
 
 14
 Although the court in Hall recognized a substantive due process claim, it emphasized that in the context of disciplinary corporal punishment in public schools, the magnitude of punishment inflicted in order to rise to the level of a constitutional claim, must be extremely severe.
 
 
 15
 [T]he substantive due process inquiry in school corporal punishment cases must be whether the force applied caused injury so severe, was so disproportionate to the need presented, and was so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience.
 
 
 16
 Id. at 613 (citations omitted).
 
 
 17
 The court in Hall also stressed that "[n]ot every violation of state tort and criminal assault laws will be a violation of this constitutional right." Id.
 
 
 18
 [W]e emphasize once more that the substantive due process claim is quite different than a claim of assault and battery under state tort law. In resolving a state tort claim, [the] decision may well turn on whether "ten licks rather than five" were excessive, so that line-drawing this refined may be required. But substantive due process is concerned with violations of personal rights of privacy and bodily security of so different an order of magnitude that inquiry in a particular case simply need not start at the level of concern these distinctions imply.
 
 
 19
 Id. (citation omitted).
 
 
 20
 Applying the standards set out in Webb, Darden, and Hall, we must determine whether the allegations of plaintiff's complaint that "Hyche struck Shane five times with a wooden paddle, resulting in severe bruising of the buttocks" for humming in the boys' bathroom, make out a claim for "brutal and inhumane" treatment which is "literally shocking to the conscience." We find that it does not. While comparing the facts of this case to other cases is of limited value in resolving the constitutional issue presented, some comparison is necessary to give fuller meaning to the legal standards for "brutal and inhumane" conduct which is "shocking to the conscience," as that standard has previously been applied in this circuit.
 
 
 21
 For what it is worth, the facts of this case are more similar to those in Darden than those in Webb or Hall. Archey received only five "licks" with a paddle on his bottom for humming in the bathroom, whereas the plaintiff in Darden received three "licks" for not turning in his homework. Here, unlike in Webb, Hyche was working in a school context with a legitimate purpose for administering the paddlings. Even though Hyche's action in paddling Archey may have been unwise, there is no evidence to suggest that this action was "brutal and inhumane," "inspired by malice or sadism," or "shocking to the conscience." We do not find that the allegations of Archey's complaint describe excessive force at the level of brutality required under Hall and Webb.
 
 
 22
 We recognize that the legal sufficiency of Archey's complaint to survive a 12(b)(6) motion does not depend upon allegations cast in the "magic words" of the substantive due process standards such as "shocking to the conscience." However, we do test the sufficiency of the complaint by determining whether the facts as alleged may reasonably be construed to state a claim that meets those standards. In this case, they do not.
 
 
 23
 We believe Archey's claims are more aptly suited for state court remedies.
 
 III.
 
 24
 For the forgoing reasons, we REVERSE the district court's order denying defendants' motion to dismiss and REMAND for entry of an order of dismissal without prejudice.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation